IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDWIN SANTIAGO, JR., #402651, | ) ) ) | |
| Petitioner, | ) ) | No. 3:23-cv-00400 |
| v. | ) ) ) | JUDGE RICHARDSON MAGISTRATE JUDGE |
| DAVIDSON COUNTY SHERIFFS, *et al.*, | ) ) | NEWBERN |
| Respondents. | ) ) | |

## ORDER

Edwin Santiago, Jr.,[1] a federal pretrial detainee currently in the custody of the Nashville Downtown Detention Center in Nashville, Tennessee, has filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2241. (Doc. No. 1). Petitioner challenges the legality of his pretrial detention, alleging that he "is being held on a Federal sleepover without bond[] on an illegal search and seizure that occurred to him on 09/21/2021 at an Auto Market." (*Id*. at 1). Petitioner paid the $5 filing fee for this action. (Doc. No. 1).

28 U.S.C. § 2241 authorizes a pretrial detainee's challenge to his "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014) ("We have long recognized that pretrial detainees pursue habeas relief . . . under § 2241.") (quoting *Phillips v. Ct. of C.P., Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012)). The Rules Governing Section 2254 Cases apply to habeas petitions filed under 28 U.S.C. § 2241. Rule 1(b), § 2254 Rules. Under Rule 4, Rules Governing

---

[1] Although the instant petition does not make it clear, the petition references *United States v. Edwin J. Santiago*, Case No. 3:22-cr-00293-1 (M.D. Tenn.), which also is before the undersigned. From a review of the docket in Petitioner's federal criminal case, and from the undersigned's experience in handling that case, it is clear that Petitioner is a federal pretrial detainee currently in the custody of a state jail.

1

Section 2254 Cases, the Court is required to review a petition filed under Section 2241 promptly and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The Court's preliminary review under Rule 4 reveals a deficiency with the instant petition: Petitioner has not exhausted his administrative remedies. Petitioner indicates in his petition that he has not appealed a decision, filed a grievance, or sought an administrative remedy about the legal issues he raises in his petition. (Doc. No. 1 at 2-3). He offers no explanation of why he failed to do so. (*Id.*)

Petitioner must complete the administrative process, or at least attempt to do so, before seeking federal habeas relief under 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam) ("It is well settled that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted."); *see Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (dismissal of a Section 2241 petition is proper where petitioner failed to exhaust his remedies through the Bureau of Prison's (BOP) administrative remedy program). "This requirement is one of proper exhaustion, which requires the inmate to exhaust his remedies prior to filing suit in compliance with the procedural rules established by the prison grievance system." *Dyer v. Fulgam*, No. 1:21-cv-104, 2021 WL 3673825, at *1 (E.D. Tenn. Aug. 18, 2021) (citing *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006) (addressing exhaustion requirement imposed by Prison Litigation Reform Act)).

Because Petitioner has made no attempt to exhaust his administrative remedies, his Section 2241 is premature. To the extent Petitioner asserts that he should not be required to exhaust federal administrative remedies because he is incarcerated in a non-federal facility, this argument is

without merit. *See Settle*, 2017 WL 8159227, at *2 (affirming the district court's dismissal of Section 2241 petition where petitioner argued that he was not required to exhaust his administrative remedies through the BOP because "pursuit of 'administrative relief from the [BOP] . . . [did] not apply to him' because he [wa]s not currently confined in a federal facility"). Because Petitioner has failed to exhaust his administrative remedies, his Section 2241 petition is **DISMISSED** without prejudice to his ability to refile upon exhaustion.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

Here, any appeal would not be taken in good faith because Petitioner has not exhausted his administrative remedies. It is therefore certified, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith.

It is so **ORDERED**.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

4

Case 3:23-cv-00400   Document 4   Filed 05/15/23   Page 4 of 4 PageID #: 25